FILED
CLERK, U.S. DISTRICT COURT

FEB 13 2017

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOTUS PROPERTY SERVICES, INC., | **Case No. CV 17-00895-PSG (RAOx)** |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION AND DENYING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS** |
| VISPY HOSI PANTHAKI, aka Vispi Hosi Panthaki, Does 1 to 10, inclusive, | |
| Defendants. | |

## I.

## FACTUAL BACKGROUND

Plaintiff Lotus Property Services, Inc. ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Vispy Hosi Panthaki and Does 1 to 10 ("Defendants") on or about December 30, 2016. Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl.") and Answer, Dkt. No. 1. Defendants are allegedly unauthorized subtenants of real property located in Arcadia, California ("the property"). Compl., ¶¶ 3, 6. Plaintiff is the agent for the owner of the property. *Id.* at ¶¶ 2, 4.

Defendant Panthaki filed a Notice of Removal on February 3, 2017, invoking the Court's federal question jurisdiction, asserting that Defendant's Answer to the

1   Complaint raises issues under federal law.  Removal at 2.  The same day, Defendant

2   Panthaki filed an Application to Proceed Without Prepaying Fees or Costs.  Dkt.

3   No. 2.

4                                      **II.**

5                                  **DISCUSSION**

6          Federal courts are courts of limited jurisdiction, having subject matter

7   jurisdiction only over matters authorized by the Constitution and statute.  *See, e.g.,*

8   *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128

9   L.Ed.2d 391 (1994).  It is this Court's duty always to examine its own subject

10  matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235,

11  163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is

12  an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*,

13  336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an

14  opportunity to respond when a court contemplates dismissing a claim on the merits,

15  it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting

16  internal citations).  A defendant attempting to remove an action from state to

17  federal court bears the burden of proving that jurisdiction exists.  *See Scott v.*

18  *Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Further, a "strong presumption"

19  against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th

20  Cir. 1992).

21         As noted above, Defendant Panthaki asserts that this Court has subject matter

22  jurisdiction due to the existence of a federal question.  (Removal at 1, 7-8.)  Section

23  1441 provides, in relevant part, that a defendant may remove to federal court a civil

24  action in state court of which the federal court has original jurisdiction.  *See* 28

25  U.S.C. § 1441(a).  Section 1331 provides that federal "district courts shall have

26  original jurisdiction of all civil actions arising under the Constitution, laws, or

27  treaties of the United States."  *See id.* § 1331.

28  ///

                                         2

1    Here, the Court's review of the Notice of Removal and the attached
2   Complaint and Answer makes clear that this Court does not have federal question
3   jurisdiction over the instant matter.  Plaintiff could not have brought this action in
4   federal court, in that Plaintiff does not allege facts supplying federal question
5   jurisdiction, and therefore, removal was improper.  *See* 28 U.S.C. § 1441(a);
6   *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d
7   318 (1987) ("Only state-court actions that originally could have been filed in
8   federal court may be removed to federal court by the defendant.") (footnote
9   omitted).
10    First, there is no federal question apparent on the face of Plaintiff's
11   complaint, which alleges only a simple unlawful detainer cause of action.  *See*
12   *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578,
13   *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under
14   federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No.
15   EDCV 09-2337 PA(DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010)
16   (remanding an action to state court for lack of subject matter jurisdiction where
17   plaintiff's complaint contained only an unlawful detainer claim).
18    Second, there is no merit to Defendant's contention that federal question
19   jurisdiction exists because Defendant's Answer raises issues of federal law.
20   Removal at 2.  It is well settled that a "case may not be removed to federal court on
21   the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's
22   complaint, and even if both parties concede that the federal defense is the only
23   question truly at issue." *Caterpillar*, 482 U.S. at 393, 107 S. Ct. at 2430.  Thus, to
24   the extent Defendant's defenses to the unlawful detainer action are based on alleged
25   violations of federal law, those defenses do not provide a basis for federal question
26   jurisdiction. *See id.*  Because Plaintiff's complaint does not present a federal
27   question, either on its face or as artfully pled, the court lacks jurisdiction under 28
28   U.S.C. § 1331.

3

## III.

### CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's Application to Proceed Without Prepaying Fees or Costs is DENIED as moot.

IT IS SO ORDERED.

DATED: 2/13/17

_____
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE